ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 3 2001
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ULTRAK, INC.<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. |
| LECTROLARM CUSTOM<br>SYSTEMS, INC.<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | 3-01CV0165-L<br><br>JURY DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

Ultrak, Inc. ("Ultrak") files this Complaint for Declaratory Judgment of Invalidity and Non-Infringement against Lectrolarm Custom Systems, Inc. ("Lectrolarm") and would respectfully show the Court as follows:

### THE PARTIES

1. Ultrak is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1301 Waters Ridge Drive, Lewisville, Texas 75057.

2. Upon information and belief, Lectrolarm is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 3120 Summer Avenue, Memphis, Tennessee 38112.

3. Defendant may be served with process through its registered agent for service of process William V. Smith, 3120 Summer Avenue, Memphis, Tennessee 38112.

## JURISDICTION AND VENUE

4.  Subject matter jurisdiction is appropriate because this is an action arising under the patent laws of the United States, Title 35 U.S.C., as implemented by 28 U.S.C. §1338(a), because a federal question exists under 28 U.S.C. § 1331, because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, under 28 U.S.C. § 1332 and because there is a justiciable controversy between the parties under the Federal Declaratory Judgments Act as implemented by 28 U.S.C. §§ 2201 and 2202.

5.  Lectrolarm does business within this judicial district and has maintained sufficient minimum contacts to make itself subject to personal jurisdiction in this judicial district. Therefore, Lectrolarm is deemed to reside and venue is proper within this District under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

6.  Ultrak, Inc. is a manufacturer of products in the field of electronic surveillance equipment. It produces, among other things, a line of products sold under the trademark "ULTRADOME KD6."

7.  Upon information and belief, Lectrolarm is the owner of United States Patent No. 4,974,088 to Sasaki ("'088 Patent")(attached as Exhibit A) entitled "Remote Control Apparatus for a Rotating Television Camera Base."

8.  Lectrolarm has notified Ultrak that one or more of Ultrak's products infringes the '088 Patent.

9.  Lectrolarm has instituted litigation against at least one competitor of Ultrak's for infringement of the '088 Patent.

10. An actual controversy of justiciable nature exists between Ultrak and Lectrolarm regarding the validity of the `088 Patent and its infringement by any of Ultrak's products. To remove the anticipation of a lawsuit raised by Lectrolarm and to afford relief from the uncertainty and controversy that Lectrolarm's assertion has precipitated, Ultrak is entitled to a declaratory judgment of invalidity and non-infringement of the `088 Patent.

## COUNT I
## PATENT INVALIDITY

11. Ultrak incorporates by reference the allegations contained in Paragraphs 1-10.

12. The `088 Patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102 and 103 and for failure to comply with the provisions of 35 U.S.C. § 112.

13. Ultrak is entitled to a declaration that the `088 Patent is invalid.

## COUNT II
## NON-INFRINGEMENT

14. Ultrak incorporates by reference the allegations contained in Paragraphs 1-13.

15. Ultrak's manufacture, sale, offer for sale and use of its electronic surveillance equipment does not directly infringe, contributorily infringe nor constitute inducement of infringement of the `088 Patent.

16. This is an exceptional case pursuant to 35 U.S.C. § 285.

17. Ultrak is entitled to a declaration that the manufacture, sale, offer for sale and use of its products does not directly infringe, contributorily infringe nor induce infringement of the `088 Patent.

## JURY DEMAND

18. Ultrak hereby demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Ultrak respectfully requests that the Court declare that:

(a) The '088 Patent is invalid pursuant to 35 U.S.C. §§ 102, 103 and 112;

(b) Ultrak's manufacture, sale, offer for sale and use of its products does not directly infringe, contributorily infringe, nor induce infringement of the '088 Patent;

(c) Ultrak is entitled to an aware of reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

(d) An award of any other and further relief as the Court may deem just and proper.

Dated this the 23rd of January 2001.

Respectfully submitted,

George R. Schultz
Texas Bar No. 17837500
R. Scott Rhoades
Texas Bar No. 90001757
MADAN, MOSSMAN, SCHULTZ & SRIRAM
12720 Hillcrest Rd., Suite 1020
Dallas, Texas 75230
Telephone:   (972) 404-8101
Facsimile:   (972) 404-8166

ATTORNEYS FOR PLAINTIFF
ULTRAK, INC.